**In re Thomas C. BAXTER and Yvonne D. Baxter, Debtors.**

**Thomas C. BAXTER and Yvonne D. Baxter, Plaintiffs-Appellants,**

**v.**

**David KAISER; Knights of Columbus Credit Union, a corporation; Balboa Collection Service, Inc., a corporation, Defendants-Appellees.**

**Bankruptcy No. LA–80–11612(CA).**

**Adversary No. LA 80–3116(CA).**

**BAP No. CC–81–1148–VGH.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Nov. 19, 1981.

Decided March 23, 1982.

David J. McCarty, David Y. Farmer, A Law Corp., San Luis Obispo, Cal., for plaintiffs-appellants.

Jay A. Peterson, Wand & Peterson, Atascadero, Cal., for defendants-appellees.

Before VOLINN, GEORGE and HUGHES, Bankruptcy Judges.

### OPINION

VOLINN, Bankruptcy Judge.

The Baxters, pursuant to 11 U.S.C. § 522(f), sought to avoid judgment liens

against property which they claimed as exempt. This appeal is from denial of that relief.

Each appellee is a judgment creditor. Knights of Columbus Credit Union obtained a judgment lien of $2,715.04 on the debtor's residence by filing an Abstract of Judgment on August 8, 1980. Kaiser filed an Abstract of Judgment against the debtor's residence on February 21, 1980, to secure a judgment of $5,910.92. Another Abstract of Judgment, in the amount of $194.51, was filed by Balboa on August 26, 1980.

The home had a market value of approximately $58,000. There was a secured claim of about $38,000, leaving an equity of some $20,000.

On September 26, 1980, the Baxters recorded a Declaration of Intent to Homestead for their residence with the San Luis Obispo County Recorder pursuant to California Civil Code (C.C.C.) § 1237 *et seq.* They filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 10, 1980. Thereafter, they filed a complaint alleging that appellees' liens impaired exemptions to which they were entitled under 11 U.S.C. § 522(b)(2)(A). They chose to utilize the exemptions provided by California law.

Appellants alleged that they were entitled to the "Homestead" exemption provided by C.C.C. § 1237 *et seq.* in the amount of $40,000, and that 11 U.S.C. § 522(f) enables them to avoid the appellees' liens. Alternatively they argued that § 690.31 of the California Code of Civil Procedure (C.C.P.), which creates the "Dwelling House" exemption, was available to them and that this statute would also allow them to maintain a homestead.

The trial court ruled against the appellants stating, in part, that "[s]ince the debtors have a declared homestead pursuant to the Civil code, they are not entitled to the dwelling house exemption provided by C.C.P. § 690." The court also found that "[u]nder California Civil Code § 1241, the

homestead is subject to execution ·or for [sic] sale in satisfaction of judgments obtained before the declaration on homestead is recorded, and which at the time of such recordation, constituted liens upon the premises."

We hold that 11 U.S.C. § 522(f) may be utilized to avoid the impairment caused by the judgment liens; of the homestead claimed under C.C.C. § 1237 et seq.[1]

In order to claim the homestead exemption of § 1237, a person must record a homestead declaration in the county where the subject property is located. Furthermore, § 1241(1) provides:

> The homestead is subject to execution or forced ·sale in satisfaction of judgments obtained:
>
> (1) Before the declaration of homestead is recorded, and which, at the time of such recordation, constitute liens upon the premises.

Standing alone, the § 1237 homestead does not entitle the Baxters to avoid the appellee's liens since the liens attached to the property before they recorded the homestead declaration.

However, § 522(f) provides, in relevant part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor on property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is
>
> (1) a judicial lien; . . .

This section enables the Baxters to avoid the appellees' liens even though the liens would have remained unimpaired under the California homestead law. The legislative history of 11 U.S.C. § 522(f), together with case authority, indicates that this is the purpose of the section. The legislative history explains the policy and effect of § 522(f):

---

1. In so holding, we do not reach the issue as to whether an ineffective election to seek the protection of C.C.C. § 1237 precludes a judgment

debtor from thereafter seeking shelter under C.C.P. § 690.31.

Subsection (f) protects the debtor's exemption, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien .... The Avoidance Power is independent of any waiver of exemptions. H.Rep.No. 95–595, 95th Cong., 1st Sess. (1977) 362; S.Rep.No. 95–989, 95th Cong., 2d Sess. (1978) 76 (under subsection (e)), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

See also 3 *Collier on Bankruptcy* § 522.29, at 69 (15th ed. 1981); 1 *Norton Bankruptcy Law and Practice*, § 26.40; *In re Boyd*, 11 B.R. 690 (1981 Bkrtcy.W.D.Va.). In *Boyd* the debtor successfully invoked § 522(f) to avoid a judicial lien.

### CONCLUSION

Appellants, by claiming the homestead exemption of § 1237 *et seq.*, and invoking 11 U.S.C. § 522(f), may avoid appellees' liens. The judgment of the trial court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.