**In re Vonley Ordillo STACHER and Viola May Stacher, Debtors.**

**Bankruptcy No. S–284–02040–W–7**
**Motion No. JM # 1.**

United States Bankruptcy Court,
E.D. California.

June 13, 1985.

Jacoby and Meyers Law Offices, Citrus Heights, Cal., for debtor.

Jerrold B. Braunstein, Sacramento, Cal., for respondent.

## ORDER GRANTING MOTION TO AVOID LIEN

ROBERT E. WOODWARD, Bankruptcy Judge.

The above-named debtors filed a motion to avoid a lien. Prior to the filing of the bankruptcy petition, California Far West Transportation, Inc. filed an abstract of judgment in Amador County, California. Debtors seek to avoid this lien as it affects their homestead exemption. Debtors recorded a declaration of a homestead after the abstract of judgment was filed.

A hearing was held, memoranda filed and the case submitted for decision.

The case of *In re Baxter*, 19 B.R. 674 appears to be dispositive of the issues presented herein. Debtors contend that Baxter is authority for avoidance of liens involving homestead exemptions.

California Far West Transportation, Inc., contends that the Appellate Panel in Baxter did not have to reach the issue involved. The Court stated in footnote 1, page 675:

"1. In so holding, we do not reach the issue as to whether an ineffective election to seek the protection of C.C.P. § 1237 precludes a judgment debtor from thereafter seeking shelter under C.C.P. § 690.31"

Those sections have been replaced by the more inclusive homestead exemption found in Section 704.710 of the California Code of Civil Procedure.

California Far West Transportation primarily bases its contention on the fact that debtors' filing of the homestead declaration was subsequent to its abstract of judgment, and therefore, it should prevail.

It appears to the Court that the Baxter case stands for the proposition that Section 522(f) of the Bankruptcy Code makes moot such an argument. The Panel said on page 675:

However, § 522(f) provides, in relevant part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor on property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

1) judicial lien; ...

This section enables the Baxters to avoid the appellees' liens even though the liens would have remained unimpaired under the California homestead law. The legislative history of 11 U.S.C. § 522(f), together with case authority, indicates that this is the purpose of the section. The legislative history explains the policy and effect of § 522(f):

Subsection (f) protects the debtor's exemption, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence

of the lien ... The Avoidance Power is independent of any waiver of exemptions. H.Rep. No. 95–595, 95th Cong. 1st Sess. (1977) 362; S.Rep. No. 95–989, 95th Cong.2d Sess. (1978) 76 under subsection (e)), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

Assuming for the sake of argument that debtors did not properly perfect their homestead declaration or did not timely act in that regard, their ability to avoid the lien would not be affected.

The act of waiving an exemption, a positive giving up of a right, can be nullified by a motion to avoid a lien. Certainly then the failure to properly perfect an exemption cannot be an abrogation of the right to avoid a lien as provided for by Section 522(f) of the Bankruptcy Code. Thus, debtors may avoid the lien.

THEREFORE, the motion of the above-named debtors to avoid the lien sought to be imposed by California Far West Transportation, Inc., be, and it is, hereby granted.