**In re Dennis Lee OWEN, Debtor.**

**Bankruptcy No. 86–60908.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Feb. 17, 1987.

E. Ryding, Portage, Ind., for debtor.

T. Springmann, Merrillville, Ind., for judgment creditor, Amy Welbourne.

FRANCIS G. CONRAD, Bankruptcy Judge.

On August 12, 1986 the debtor filed a motion to avoid a judicial lien on the basis that the lien impairs debtor's homestead exemption. Upon timely objection by the judgment creditor, a hearing was held on December 10, 1986.

The Court finds that the debtor filed a voluntary Chapter 7 petition for relief in bankruptcy on May 29, 1986. At that time, debtor claimed an exemption on its homestead as provided for under the Indiana exemption statute, Indiana Code Ann. § 34-2-28-1 (West 1983, Supp.1986).

The Court further finds that a judgment lien was obtained against the debtor by Amy Welbourne in the amount of $2,443.85 prior to the filing of the bankruptcy petition.

There is no question before the Court as to the valuation of the lien or its validity.

Nor is there question whether the debtor qualifies for a homestead exemption. The only issue before us is whether, and to what extent, this judicial lien impairs debtor's claimed exemption. 11 U.S.C. § 522(f).

A debtor may avoid a lien to the extent that it impairs his $7,500.00 exemption. 11 U.S.C. § 522(d). The spirit of the Federal exemption scheme, 11 U.S.C. § 522(b), is to ensure the debtor a "fresh start." Under the provisions of 11 U.S.C. § 522(b)(2)(A), exemptions are federally created but may also be created by a state in which the debtor is domiciled. The state may opt to enact its own exemption statute and decline to apply the federal exemptions. Indiana has opted out of the Federal exemption scheme. Indiana Code Ann. § 34-2-28.05 (Burns Supp.1985).

■ The Indiana exemption statute provides a homestead exemption of $7,500.00, Indiana Code Ann. § 34-2-28-1 (West 1983, Supp.1986). Congress enacted 11 U.S.C. § 522(f) to allow the debtor to avoid certain liens to the extent that they impair his exemption(s), thus protecting debtor's "fresh start." The fact that Indiana has opted out of the Federal exemption scheme does not affect debtor's power to avoid liens pursuant to § 522(f). *Matter of Decker*, 34 B.R. 640 (Bkrtcy.N.D.In.1983).

We find the value of the seller's lien against debtor's homestead property is $30,000.00. Testimony at the hearing reveals that debtor purchased his homestead property under land contract on February 2, 1984. Review of the debtor's schedules of creditors (Schedule A-2) shows the claim of the seller, Chesterton State Bank, listed as $30,000.00. For purposes of determining the amount of equity in the property where lien avoidance has been claimed under § 522(f) by deducting senior encumbrances from the market value, the Courts generally rely on the mortgage balance pay off figure of the existing mortgage. *In re Parenteau*, 9 BCD 762, 7 C.B.C.2d 373, 23 B.R. 289 (1st Cir.Bkrtcy.App.1982). Counsel for debtor did not provide the Court with either the exact mortgage balance at the time of filing the bankruptcy petition or

368

the exact mortgage pay off at the time of the hearing. Counsel for debtor did, however, ask the Court to take judicial notice of debtor's Reaffirmation Agreement with Chesterton State Bank in the amount of $32,908.26. Counsel asserts the Reaffirmation Agreement is the existing mortgage balance. Giving due regard to 11 U.S.C. § 524(c) and the Reaffirmation Agreement being duly filed with the Court on October 28, 1986, we find no foundation to support counsel's assertion that this document demonstrates the actual mortgage debt. It contains no breakdown of principal, interest, etc. Therefore, absent any meritorious evidence, the Court can only rely on debtor's Schedule A–2 which lists the claim of seller, Chesterton State Bank, as $30,000.00.

With regard to the other remaining factor in calculating the debtor's equity, we find the market value of debtor's property to be $37,500.00. Debtor asserts on both Schedule A–2 and Schedule B the real property market value as $32,900.00. Debtor provides no other evidence to support this valuation. The judgment creditor, objecting to debtor's motion to avoid its judicial lien specifically on the basis of debtor's alleged low estimate of valuation, filed a supplemental report with the Court containing an appraisal of debtor's real property finding the current fair market value to be $37,500.00. At the December 10, 1986 hearing, the appraisal was admitted as Stipulated Exhibit #1. Neither party called an appraisal expert to testify and be examined. The Court recognizes the abstract nature of an appraisal. This is because "[a]n appraisal of a property is not the result of a scientific analysis," Id. but is, rather, a subjective opinion which can and does differ from the next appraisal even through both may be based on current real estate market trends. *In re Rehbein*, 49 B.R. 250 (Bkrtcy.D.Ma.1985). We need not decide today, however, the accuracy of judgment creditor's appraisal. Counsel for the debtor did not introduce rebuttal evidence or another appraisal in behalf of his client. We must therefore rely on judgment creditor's appraisal and determine the market value of debtors' real property to be $37,500.00.

 With these facts in hand, the debtor's homestead exemption of $7,500.00 is not impaired by the judgment creditor's lien. Where the value of the lien mortgage and the amount of debtor's claimed exemption do not exceed the value of a bankrupt's property, there is an establishment of equity, and therefore, judicial liens may not be avoided because they do not impair the debtor's exemption. Accordingly,

It is ORDERED that the motion of Dennis Lee Owen to avoid the judicial lien of Amy Welbourne is DENIED.