**In re Carmen Mary GOMEZ, Debtor.**

**Bankruptcy No. 92–12371 RJB.**

United States Bankruptcy Court,
D. Colorado.

March 31, 1992.

Stephen E. Berken, Stephen E. Berkin, P.C., Denver, Colo., for debtor.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Debtors' Motions to Void Lien Pursuant to 11 U.S.C. § 522(f) filed February 28, 1992.

In the Motion the Debtors allege that the liens of Associates Financial and Household Finance impair an exemption of the Debtors in household goods and request

that the lien be "voided" under 11 U.S.C. § 522(f).

Section 522(f) provides that:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

The within Motion must be denied because:

1. The time for objections to the Debtors' claimed exemptions has not yet expired. Creditors under Bankruptcy Rule 4003(b) have 30 days from the conclusion of the meeting of creditors to file such objections. Until that time expires, it is not certain that the Debtors even have an exemption in the subject property.

2. The Debtors have not alleged (nor have they set forth in their Rule 23 Notice) the value of the subject property, the amount of their claimed exemption, the amount of the lien, or the amount of the lien they assert impairs their exemption. Without this information the Court is unable to determine to what extent the lien may impair the Debtors' exemption and the creditors have no notice as to the amount of their lien that is in jeopardy. The Debtors are not permitted to void the entire lien, but only that portion that actually impairs the exemption to which the Debtors would be entitled.

3. The Debtors have failed to allege (and to put in their Rule 23 Notice) that the subject property is held primarily for the personal, family, or household use of the debtors or a dependent of the debtor or that the property are tools of the trade of the debtors or their dependents or that the subject property is a prescribed health aid for the debtors or a dependent of the debtors. It is, therefore,

ORDERED that the within Motion is denied.