In re Leon E. DUDEN and Patricia J. Duden, Debtors.

Leon E. DUDEN and Patricia J. Duden, Appellants,

v.

Samuel ROSENTHAL, Appellee.

Civ. A. No. 89–Z–723.
Bankruptcy No. 88 B 12676 J.

United States District Court,
D. Colorado.

Aug. 2, 1989.

Ross J. Wabeke, John W. Easley, De-Good, Ball, Easley & Wabeke, Loveland, Colo., for appellants.

Samuel Rosenthal, Fort Collins, Colo., for appellee.

## ORDER OF REMAND

WEINSHIENK, District Judge.

This matter was before the Court on July 18, 1989, for oral argument on the Bankruptcy Appeal. Appellee did not appear. Appellant appealed an Order Denying Motion To Void Lien entered by Bankruptcy Judge Roland J. Brumbaugh on January 10, 1989. Judge Brumbaugh's brief order denied appellant's motion requesting relief under 11 U.S.C. § 522(f) and Colo.Rev.Stat. § 38–41–201 (1983), citing his opinion in *In re Fry*, 83 B.R. 778 (Bankr.D.Colo.1988). We reverse and remand.

The appellants filed their voluntary bankruptcy proceeding on September 20, 1988. The debtors own a home valued at $79,000 subject to a first note and deed of trust with an approximate balance of $78,000. On August 29, 1988, the County Court of Larimer County, State of Colorado, entered a judgment in the amount of $2325.00 plus interest and costs in favor of appellee Samuel Rosenthal against Pat Duden, one of the debtors. This judgment was recorded on September 1, 1988. The amount of the first encumbrance to Robert and Verna Lewis, when considered with the debtor's $20,000 homestead exemption, exceeds the fair market value of the property.

The Bankruptcy Code at 11 U.S.C. § 522(b) allows states to "opt out" of the federal exemptions contained in that section. Colorado has chosen to opt out and the homestead exemption allowed to Colorado residents is found at Colo.Rev.Stat. § 38–41–201 (1983):

Every homestead ... shall be exempt from execution and attachment arising from any debt ... not exceeding in value the sum of twenty thousand dollars....

Colorado courts have interpreted the Colorado judgment lien statute in relation to the homestead exemption statute as providing that no lien attaches to the homestead.

*Barnett v. Knight*, 7 Colo. 365, 375, 3 P. 747 (1881).

Section 552(f) of the Bankruptcy Code provides that:

... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor [is entitled]....

In his decision in *Fry* at 779, Judge Brumbaugh reasoned that, since the judgment lien never attaches to exempt property under Colorado law, § 552(f) is superfluous and a motion under this exception may not be used.

While this Court agrees with Judge Brumbaugh's reading of Colorado law, this Court is persuaded by two opinions of Bankruptcy Judge Sidney B. Brooks, *In re Packer*, 101 B.R. 651 (Bankr.D.Colo.1989) and *In re Hermanson*, 84 B.R. 729 (Bankr. D.Colo.1988), that debtors can and may use Section 522(f) to obtain a judicial declaration of avoidance of a lien on real property for any number of reasons.

Avoidance of the lien under this section reinforces the fresh start concept embodied in bankruptcy law, by preventing an incumbrance on an asset which the Code intends to spring free after bankruptcy. Since judicial liens not avoided will generally survive after bankruptcy and will continue to be enforcable in actions *in rem, Chandler Bank of Lyons v. Ray*, 804 F.2d 577 (10th Cir.1986), avoidance methods available to the debtor ought to be taken in bankruptcy to fix the relative rights of a debtor and a secured creditor. Even though a judicial lien may not attach to exempt property in Colorado, the existence of such a claim potentially impairs a debtor's right to deal with his property post-petition. *Packer*, 101 B.R. at 652.

The strongest argument for permitting the use of § 522(f), however, is that the time to fix the relative rights of a debtor and secured creditors is at the time of bankruptcy:

Creditor rights, claims, and interests are, generally, to be fixed at the time of bankruptcy. That is the clear and un-

qualified intent of the Code and applicable case law. (citations omitted) There is no logical reason why that objective should be defeated by denial of access to Code tools purposely designed to fix rights as of that date.

*In re Packer*, at 653. An avoidance order advises the world of the unenforceable nature of the lien and extinguishes secured creditor rights which would otherwise survive the bankruptcy, allowing the debtors their fresh start. Accordingly, it is

ORDERED that the Order entered by the Bankruptcy Judge on January 10, 1989, is reversed. It is

FURTHER ORDERED that this matter is remanded to the Bankruptcy Judge to grant debtor's Motion To Void Lien on the real property pursuant to 11 U.S.C. § 522(f).