**CITY CENTER NATIONAL BANK, N.A., Plaintiff–Appellant,**

v.

**Vincent Michael BARONE, Brenda S. Barone, and Western Mortgage Loan Corporation, a Utah corporation, Defendants–Appellees.**

No. 90CA0275.

Colorado Court of Appeals, Div. III.

Feb. 14, 1991.

Ellwood, Ellwood & Pontius, Carolyn J. Pontius, Denver, for plaintiff-appellant.

Benjamin D. Knittel, John E. Boyle, Denver, for defendants-appellees.

Opinion by Judge MARQUEZ.

City Center National Bank, N.A., appeals from a summary judgment entered against it declaring certain real property free from a claimed judgment lien. We affirm.

The issue was presented to the trial court upon agreed facts. The Bank obtained a judgment against Richard Ostberg in an amount in excess of $44,000. At the time, Ostberg owned a residence in Arapahoe County, and the Bank recorded a transcript of judgment with the Arapahoe County Clerk and Recorder. Thereafter, Ostberg sold and deeded the residence to defendants Vincent and Brenda Barone, and the Barones executed a deed of trust for the benefit of defendant Western Mortgage Loan Corporation.

At the time the judgment transcript was recorded, and through and until the sale to the Barones, Ostberg had less than $20,000 in net equity in the property and occupied the property as a home. The Bank concedes that during the term of Ostberg's occupancy, the real property was exempt from levy and execution because of the lack of equity in the property above the statutory homestead exemption of $20,000. *See* § 38–41–201, C.R.S. (1982 Repl.Vol. 16A). The parties further stipulated that Ostberg received less than $20,000 in proceeds from the sale, which funds were used by Ostberg to purchase another residence.

The Bank subsequently brought this action against the Barones and Western, requesting the court declare the judgment lien the superior encumbrance and seeking execution and sale of the property to satisfy that lien. The Barones and Western answered, denying that plaintiff had a judgment lien on the property.

Upon cross-motions for summary judgment, the trial court rejected the Bank's argument that a lien attached to the property and survived the sale from Ostberg to the Barones, and the court, in reliance upon the statutory homestead exemption, entered judgment in favor of the Barones and Western.

■ The Bank here again argues that while the property was exempt from levy and execution, the Bank's lien nevertheless attached but was held in abeyance and was ripe for enforcement against the property upon loss of the exemption after sale. We disagree.

Section 13–52–102(1), C.R.S. (1987 Repl. Vol. 6A) provides in part:

"The transcript of the docket entry of any judgment in the judgment docket, certified by the clerk, may be filed with the recorder of any county; and from the time of filing such transcript the judgment shall become a lien upon all the real property of such judgment debtor, *not exempt from execution* in such county, owned by him or which he may afterwards acquire until said lien expires." (emphasis added)

Thus, the statute creating the right to a judgment lien limits the lien to real property not exempt from execution.

The homestead statute provides that:

"Every homestead in ... Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon."

Section 38–41–201, C.R.S. (1986 Repl.Vol. 16A).

In construing a predecessor statute, our supreme court determined that if property is exempt from execution, it must of necessity be exempt from the lien of the judgment. *Weare v. Johnson*, 20 Colo. 363, 38 P. 374 (1894). *See also Barnett v. Knight*, 7 Colo. 365, 3 P. 747 (1884) (view of decisions holding that no judgment lien attaches to the homestead is sustained by the weight of authority and the better reason); *Woodward v. People's National Bank*, 2 Colo.App. 369, 31 P. 184 (1892). We decline the Bank's invitation to ignore these precedents, and we defer to the expressed and established policy which has liberally construed the spirit and humane purpose of preservation of rights of occupancy under the homestead exemption. *Barnett v. Knight, supra; Wallace v. First National Bank*, 125 Colo. 584, 246 P.2d 894 (1952). We thus conclude that plaintiff's judgment did not become a lien upon the real property upon the filing of the transcript of judgment or at any time thereafter.

■ The Bank further argues that, upon Ostberg's sale of the property, the homestead exemption was abandoned and the Barones received the property subject to the Bank's lien. We disagree.

If the Bank could not have asserted a lien against the property while Ostberg retained title, no lien may be enforced against Ostberg's grantees, provided the transaction was *bona fide*. *Barnett v. Knight, supra*.

Contrary to the Bank's final argument, our result here does no violence to any claimed redemptive rights held by junior judgment lienors in a foreclosure proceeding. Junior lien creditors may redeem from a public trustee's sale without complying with the homestead exemption because redemptive rights are not in the nature of execution. *Howell v. Farrish*, 725 P.2d 9 (Colo.App.1986). Here, however, it is undisputed that Ostberg had less than $20,000 net equity in the property, and no foreclosure proceedings were instituted by any senior lienor so that redemptive rights might be asserted.

Accordingly, the judgment of the trial court is affirmed.

TURSI and SILVERSTEIN,* JJ., concur.