**In re Douglas Eugene SHAFF and Arlene Carol Shaff, Debtors.**

**Bankruptcy No. 93–14887 RJB.**

United States Bankruptcy Court, D. Colorado.

Aug. 31, 1993.

Thomas C. Singer, II, Denver, CO, for debtors.

David B. Wilson, Denver, CO, for creditors Joseph and Shirley Cain.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Debtors' Motion to Void Lien filed May 4, 1993. The lien is a judgment lien on the Debtors' residence held by creditors Joseph and Shirley Cain.

Initially the Court notes that the Motion fails to comply with the mandates of *In re Gomez,* 140 B.R. 796 (Bankr.Colo.1992), and must be denied on that basis.

■■■■ But more importantly, as this Court has previously held in *In re Fry,* 83 B.R. 778 (Bankr.Colo.1988), under Colorado law a judgment lien can never "impair" the Debtors' homestead exemption as required by 11 U.S.C. § 522(f) simply because the judgment lien never attaches to that exempt property. That view of the law in Colorado has been affirmed in *City Center National Bank, N.A. v. Barone, et al.,* 807 P.2d 1251 (Colo.App.1991).

This Court is aware of the decisions of the U.S. District Court in *In re Duden,* 102 B.R. 797 (D.Colo.1989), and *In re Robinson,* 114 B.R. 716 (D.Colo.1990), which held that a debtor can use § 522(f) "to obtain a judicial declaration of avoidance of a lien on real property for any number of reasons." *In re Duden,* 102 B.R. at 798. However, the U.S. Supreme Court's precise focus in *Owen v. Owen,* — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), and in *Farrey v. Sanderfoot,* — U.S. —, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), on state law to determine whether a judicial lien has "fixed" to a property interest of the debtor, casts considerable doubt on *Duden* and *Robinson* decisions.

A similar state homestead exemption statute in Utah has recently prompted the U.S. District Court there to conclude that there is no reason for the debtor to seek avoidance of the judicial lien under § 522(f) because the debtor's exemption rights would be preserved following bankruptcy in any event and, therefore, the judicial lien does not impair the debtor's homestead exemption. *David Dorsey Distributing, Inc. v. Sanders,* 156 B.R. 667 (D.Utah 1993).

Therefore, this Court reaffirms the decision in *In re Fry, supra,* and it is

ORDERED that the within Motion to Void Lien is denied.