In the Matter of Brian Webster HOWARD, Debtor.

Brian Webster HOWARD, Appellant,

v.

AMERICAN CREDIT COMPANY, et al., Appellees.

Civ. A. No. 93–B–2641.
Bankruptcy No. 93–15768 RJB.

United States District Court, D. Colorado.

June 20, 1994.

James W. Lamberson, Stephen E. Berken, Denver, CO, for appellant.

Donald Alperstein, D.L. Glenn, Steve Lasky, Denver, CO, for appellees.

---

72

Jeffrey A. Weinman, Trustee, Denver, CO.

American Credit Co., Heatilator, Inc., Starlite Mfg., Orrville Products, Pacific Marquis, pro se appellees.

## ORDER

BABCOCK, District Judge.

Appellant, Brian Webster Howard (Howard) appeals the Bankruptcy Court's order denying Howard's "Amended Motion For Order Voiding Judicial Liens On Exempt Property." For the reasons set forth below, I will reverse the Bankruptcy Court's order.

### I.

The parties do not dispute the facts. Howard filed for Chapter 7 bankruptcy protection on May 26, 1993. Howard's bankruptcy petition listed his residential real property as homestead exempt under C.R.S. § 38–41–201. This property, located at 15936 Ridge Tee Road, Morrison, Jefferson County, Colorado 80465, has been continuously owned and occupied by Howard as his principal residence since May 1, 1984.

Among the creditors listed by Howard in his petition are those creditors that had, prior to his bankruptcy petition, recorded judicial liens against the property. At the time of Howard's bankruptcy petition in May 1993, the reasonable market value of his property was $160,000. The property was encumbered by consensual liens in the amount of $145,268, resulting in an exempt homestead interest held by Howard of $14,732. Judicial liens totaled $288,270.90.

Because this appeal involves only the bankruptcy court's legal determinations, and not its factual conclusions, my review is de novo. *Schneider v. Nazar,* 864 F.2d 683, 685 (10th Cir.1988).

### II.

The issue in this appeal is whether Bankruptcy Judge Brumbaugh erred in denying Howard's motion to avoid judgment liens. Howard argues that his homestead exemption has been impaired by judgment liens attached to his property and that he is entitled to the relief set out in 11 U.S.C. § 522(f)(1) of having these liens avoided. Howard's appeal on this issue received no response.

As a protection for a debtor's fresh start, § 522(f) enables the debtor to avoid certain liens that encumber otherwise exempt property so that the debtor may realize the allowable bankruptcy exemptions. Section 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is

(1) a judicial lien[.]

11 U.S.C.A. § 522(f)(1) (West 1993). Courts in Colorado have disagreed over the meaning accorded to the word "impair" in § 522(f). The disagreement stems from the fact that in Colorado, a judgment lien does not attach to the exempt portion of an owner's interest in property. *City Center National Bank, N.A. v. Barone,* 807 P.2d 1251 (Colo.App.1991).

Judge Brumbaugh, in *In re Fry,* 83 B.R. 778, 779 (Bankr.D.Colo.1988), and more recently in *In re Shaff,* 158 B.R. 224 (Bankr.D.Colo.1993), cited in this case, has concluded that "[u]nder Colorado law the judgment lien can never 'impair' the debtor's homestead exemption simply because the judgment lien never attaches to the exempt property." *In re Shaff,* 158 B.R. at 224.

In *In re Hermansen,* 84 B.R. 729, 733 (Bankr.D.Colo.1988), and later in *In re Packer,* 101 B.R. 651, 653 (Bankr.D.Colo.1989), Judge Brooks employed a different approach. He found that even though a judicial lien does not attach to an exempt homestead interest in Colorado, the lien could impair the debtor's rights to the exemption in other ways. For example, the existence of the lien might lead to problems in obtaining title insurance for the property, or might result in litigation. This district has adopted the *Hermansen* and *Packer* rationale in *In re Duden,* 102 B.R. 797 (D.Colo.1989) (Judge Weinshienk), and *In re Robinson,* 114 B.R. 716 (D.Colo.1990) (Judge Kane). These Colorado cases contemplate complete avoidance

of judicial liens under § 522(f). By contrast, a majority of cases from other districts conclude that the plain language of § 522(f) permits avoidance of a judicial lien only in the amount of the debtor's exemption. *See e.g., In re Sanders,* 156 B.R. 667 (D.Utah 1993); *City Nat'l Bank v. Chabot,* 992 F.2d 891, 895 (9th Cir.1993); *In re Gonzalez,* 149 B.R. 9, 10 (Bankr.D.Mass.1993); *In re Prestegaard,* 139 B.R. 117, 119–20 (Bankr.S.D.N.Y.1992); *In re Cerniglia,* 137 B.R. 722 (Bankr.S.D.Ill. 1992); *In re Sanglier,* 124 B.R. 511, 514 (Bankr.E.D.Mich.1991). The effect of this position is that the unavoided portion of the lien would survive bankruptcy and would attach to any equity that accumulates above the debtor's homestead amount.

The Tenth Circuit has not specifically addressed this issue, although in dictum it has indicated that it would follow the majority view. *See Heape v. Citadel Bank of Independence,* 886 F.2d 280, 284 n. 5 (10th Cir. 1989). This indication combined with the clear language of 522(f) lead me to adopt the majority view.

The language used in § 522(f) clearly states that "the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent* that such lien impairs an exemption. . . ." (emphasis added). "To the extent" is language which clearly limits the specific avoidance power granted by § 522(f). Thus, I conclude that Howard may avoid $14,732 as that portion of the judicial liens which impair his exemption. The remainder of the judicial liens remain unaffected.

Accordingly, it is ORDERED that the decision of the Bankruptcy Court is REVERSED. It is further ordered that this case is REMANDED to the Bankruptcy Court for avoidance of judicial liens in the amount of $14,732, Howard's exemption amount.