In re Odell Lynard **SANDERS**, Debtor.

**DAVID DORSEY DISTRIBUTING, INCORPORATED, Petitioner–Appellee,**

v.

Odell Lynard **SANDERS, Respondent–Appellant.**

**No. 93–4136.**

United States Court of Appeals, Tenth Circuit.

Nov. 1, 1994.

**260**

William Thomas Thurman, McKay, Burton & Thurman, Salt Lake City, UT, for respondent-appellant.

Chris L. Schmutz, Salt Lake City, UT, for petitioner-appellee.

Before MOORE, LAY,* and MCWILLIAMS, Circuit Judges.

MOORE, Circuit Judge.

The principal question presented in this case is whether the district court correctly held the avoiding of a judicial lien under 11 U.S.C. § 522(f) is limited to the value of the debtor's homestead exemption in the property under lien. The district court further held, because liens cannot attach to the Utah homestead, application of § 522(f) is superfluous in this case. We agree with the district court's analysis and affirm.

The parties do not dispute the relevant facts. On the date of bankruptcy, Mr. Sanders' home had a market value of $90,000. At that time, there were three consensual liens totalling $64,597 against the property. The remaining equity of $25,403 belonged equally to Mr. Sanders and his wife as community property, leaving Mr. Sanders with an asset valued at $12,701.50.

Before Mr. Sanders filed his bankruptcy petition, David Dorsey Distributing, Inc. (Dorsey) obtained a judgment against him for $92,687.44. Dorsey fixed its real property lien against Mr. Sanders' home in the manner provided by Utah law. In his bankruptcy schedules, Mr. Sanders claimed a Utah homestead exemption of $13,000, and subsequently filed a motion to avoid Dorsey's lien.

The bankruptcy court held Mr. Sanders was entitled to set aside the entire amount of the lien. On appeal, the district court reversed, and the matter is now before us. 156 B.R. 667. Because the issues are pure questions of law, we review *de novo*. *Fingado v. Sunwest Bank (In re Fingado)*, 995 F.2d 175 (10th Cir.1993).

Secured debts, including judgment liens such as the one held by Dorsey, generally survive bankruptcy. *Dewsnup v. Timm*, 502 U.S. 410, ——, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). However, in accordance with the policy objective of providing a "fresh start," bankruptcy law allows a debtor to invoke certain exemptions to avoid debts that otherwise survive bankruptcy. *In re Johnson*, 57 B.R. 635, 639 (Bankr.N.D.Ill.1986). The homestead exemption set forth at 11 U.S.C. § 522 protects the debtor and the debtor's dependents by helping them to preserve an interest in their home. *See In re Niemyjski*, 26 B.R. 466, 468 (Bankr.D.N.M. 1983). However, the Bankruptcy Code allows each state to "opt out" of the federal exemptions and substitute its own exemptions for the ones specified in section 522. Utah has done so, adopting a set of exemptions based on the Uniform Exemptions Act. *In re Neiheisel*, 32 B.R. 146, 162–64 (Bankr. D.Utah 1983). Therefore, the amount of the homestead exemption available to Mr. Sanders is governed by Utah Code Ann. § 78–23–3(1) (1992).

Although bankruptcy courts defer to state law when determining the amount of the allowable state homestead exemption, *In re Barnhart*, 47 B.R. 277, 279 (Bankr. N.D.Tex.1985), section 522(f) still controls the "availability of lien avoidance." *Heape v. Citadel Bank of Independence (In re Heape)*, 886 F.2d 280, 282 (10th Cir.1989). Thus, resolution of the first issue before us de-

---

*The Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

volves from interpretation of § 522(f)(1), which provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled" under the relevant state or federal exemptions.

There is no binding authority on this issue. In *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the Supreme Court interpreted section 522(f) within the context of the homestead exemption. The Court concluded a debtor may claim the entire amount of his homestead exemption without being limited to the amount of his equity in the property. *Id.* at 313–14, 111 S.Ct. at 1837–39. However, Mr. Sanders seeks to reach beyond the protection afforded by *Owen* to avoid not just the entire amount of his exemption, but the entire amount of the lien.

■ *Owen* set forth a three-step process to determine whether section 522(f) applies. *Id.* at 312–13, 111 S.Ct. at 1837–38. First, we determine whether the debtor is entitled to an exemption. This is not in dispute. Mr. Sanders is entitled to an exemption of $13,000.

Second, we determine the extent to which the lien may be avoided. *Id.* at 313, 111 S.Ct. at 1837–38. There are two views on this issue. Mr. Sanders' interpretation, which represents the minority view, is illustrated by *In re Galvan,* 110 B.R. 446 (9th Cir. BAP 1990);[1] *accord Henderson v. Belknap (In re Henderson),* 18 F.3d 1305 (5th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 573, — L.Ed.2d —— (1994).

In *Galvan,* the Ninth Circuit Bankruptcy Appeals Panel held squarely that "the unsecured portion of a judicial lien is properly avoided." *Galvan,* 110 B.R. at 451–52. The court reasoned that the amount of a lien in excess of a homestead exemption is avoidable under section 522(f) "as it 'impairs' the debtor's right to fully realize any homestead exemption and post-petition property appreciation." *Id.* at 452. The impairment anticipated by this line of reasoning includes not only the inability to realize appreciation, but also problems in obtaining title insurance and the possibility of litigation. *In re Howard,* 169 B.R. 71, 72 (D.Colo.1994). This view has been espoused by a variety of courts, including some in our own circuit. *In re Jefferson,* 163 B.R. 204 (Bankr.D.N.M.1993); *In re Robinson,* 114 B.R. 716 (D.Colo.1990); *In re Duden,* 102 B.R. 797 (D.Colo.1989); *In re Packer,* 101 B.R. 651, 653 (Bankr.D.Colo. 1989); *In re Hermansen,* 84 B.R. 729, 722 (Bankr.D.Colo.1988); *In re Berrong,* 53 B.R. 640 (Bankr.D.Colo.1985); *Lucero v. Security Indus. Bank,* 4 B.R. 659 (Bankr.D.Colo.1980).

■ However, we find more persuasive the majority view set forth in *Wachovia Bank & Trust Co. v. Opperman (In re Opperman),* 943 F.2d 441, 443 (4th Cir.1991); *accord City Nat'l Bank v. Chabot (In re Chabot),* 992 F.2d 891, 895 (9th Cir.1993).[2] Guided by the statutory construction principle stated in *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979), "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning," the majority view assigns a plainer meaning to § 522(f). Because a lien is avoidable under the statute "to the extent" it impairs an exemption, the majority holds the plain meaning of this phrase is that a lien is not avoidable beyond the extent to which it actually impairs an exemption, and therefore not avoidable beyond the amount of the exemption.

We agree. There is simply no room within the limiting language of § 522(f) to conclude other than the extent to which the exemption

---

1. The Ninth Circuit declined to follow *Galvan* in *City Nat'l Bank v. Chabot (In re Chabot),* 992 F.2d 891 (9th Cir.1993), cited below as in accord with the majority view.

2. *See also In re Howard,* 169 B.R. 71 (D.Colo. 1994); *In re Shafner,* 165 B.R. 660 (Bankr. D.Colo.1994); *In re Shaff,* 158 B.R. 224 (Bankr. D.Colo.1993); *In re Gonzalez,* 149 B.R. 9, 10 (Bankr.D.Mass.1993); *In re Prestegaard,* 139 B.R. 117, 119–20 (Bankr.S.D.N.Y.1992); *In re Sanglier,* 124 B.R. 511, 514 (Bankr.E.D.Mich.1991); *In re Fry,* 83 B.R. 778 (Bankr.D.Colo.1988); 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 522.29[1], at 522–96 (15th ed. 1993). This view is also in accordance with dictum in the case *Heape v. Citadel Bank of Independence (In re Heape),* 886 F.2d 280, 284 n. 5 (10th Cir.1989).

is impaired is coincident with the amount of the exemption.[3]

■ The practical effect of this holding is to allow any appreciation in the property or retirement of principal to be subject to the lien. Such an effect, however, is in accord with the general principle that a debtor cannot use the protection of bankruptcy to avoid a lien on the value of an interest that arises after the lien is attached or after the bankruptcy proceedings have concluded. *See Farrey v. Sanderfoot,* 500 U.S. 291, 300, 111 S.Ct. 1825, 1830–31, 114 L.Ed.2d 337 (1991).

■ The third step in the *Owen* paradigm is to determine whether the lien does, in fact, impair the exemption. *Owen,* 500 U.S. at 313, 111 S.Ct. at 1837–38. We hold that here it does not. The minority view states to allow a lien to remain impairs a "right to fully realize any homestead exemption" and "the debtor's right to a fresh start." *Galvan,* 110 B.R. at 452, 451. The statute, however, speaks of the impairment not of rights but of the exemption itself. The excess of a judgment lien over the exemption amount logically and by definition cannot impair the exemption itself. Indeed, to reach the result suggested by Mr. Sanders, one must add language to § 522(f) which has not been provided by Congress. We decline the invitation to do so.

■ The issue is further complicated in this case because in Utah a judgment lien *never* attaches to the homestead. The exemption takes priority over "all the other encumbrances except the consensual security interests in the property." *In re Williamson,* 43 B.R. 813, 831 (Bankr.D.Utah 1984) (supp. mem. op.). Avoidance under § 522 is unnecessary because the lien does not fix upon the Utah exemption. Consequently, the Utah homestead is not impaired by a nonconsensual, non-purchase money lien. The Utah debtor's homestead right is fully protected and not in need of intervention by

bankruptcy law. As a result, the third prong of *Owen* would render avoidance under § 522(f) inapplicable.

■ Debtor makes an unsupported argument he is entitled to the "baseline hypothetical state of affairs" of the homestead which includes the right to a continued enjoyment of his home and the appreciated value, if any, post bankruptcy. This, of course, is a concept made of new cloth.

First, the Utah homestead statute declares, "A homestead ... shall be exempt in an amount not exceeding $8,000 in value for a head of family, $2,000 in value for a spouse, and $500 in value for each other dependent." Utah Code Ann. § 78–23–3(1) (1992). Nothing contained in the statute suggests the Utah legislature intended to establish a "baseline hypothetical state of affairs" as part of a property owner's homestead rights. Moreover, it is unassailable the Utah homestead exemption is strictly limited to finite dollar values.

■ Second, allowing § 522(f) to extend to post bankruptcy increases in the value of secured property is contrary to the concept of protecting the creditor's surviving secured interests. Indeed, Mr. Sanders can point to no specific language within the Code that vests a court administering a liquidating bankruptcy with that kind of reach; nor is there persuasive or binding authority holding such a result a necessary means of achieving a fresh start.

■ We hold that where a lien exceeds the amount of an exemption, the debtor may avoid only the amount of the exemption. Additionally, when state law does not allow a lien to attach to exempt property, § 522(f) is superfluous and without application. The judgment of the district court is **AFFIRMED.**

---

3. Debtor cites *Central Nat'l Bank & Trust Co. of Enid, Okla. v. Liming (In re Liming),* 797 F.2d 895 (10th Cir.1986), to support his argument the avoiding power extends to the limits of the value of the secured property. That case is inapposite. Liming was allowed to avoid the entire lien because it attached to property which was *entirely*

exempt by statute. The tractor subject to the creditor's lien was a farm implement which, under state law, was a trade implement and thus wholly exempt regardless of value. Here, of course, there is a finite limit to the amount of the exemption.