# In re Elaine Margaret DICKINSON, Debtor.

## Bankruptcy No. 95–11160 RJB.

United States Bankruptcy Court, D. Colorado.

Aug. 15, 1995.

---

Barton S. Balis, Boulder, CO, for debtor.

John T. Sullivan, Boulder, CO, pro se.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

### Judgment Lien

THIS MATTER comes before the Court upon the Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f) concerning the lien of John T. Sullivan ("Creditor").

There is no dispute as to the following facts. The Creditor was Debtor's attorney in a dissolution of marriage proceeding in state court. At some point in that proceeding, Creditor was discharged as attorney for the Debtor. However, on August 25, 1994, Creditor, pursuant to C.R.S. §§ 12–5–119 and 120 filed a Notice of Attorney's Lien in that state court action. Subsequently, Creditor re-

quested a judgment be entered against the Debtor for $7,096.00 for his fees and costs in that state action. Judgment was entered, and on January 19, 1995, Creditor recorded a transcript of that judgment in the county clerk's office pursuant to C.R.S. § 13–52–102(1).

Debtor asserts that if the sale of property referred to in this Court's prior Amended Memorandum Opinion and Order entered August 14, 1995 (*In re Dickinson*, 185 B.R. 76 (Bankr.D.Colo.1995)), produces any net equity in accordance with Calculation B therein, then Creditor's "judgment lien" (that lien created by the recording of the transcript of judgment on January 19, 1995) attaches to that net equity *only*, and that the "judgment lien" is avoidable pursuant to § 522(f) for any sum over and above that net equity. That statement of the law is half correct in that the "judgment lien" only attaches to the Debtor's net equity after deduction of the homestead exemption amount. This Court held in *In re Fry*, 83 B.R. 778 (Bankr.D.Colo.1988), and reaffirmed in *In re Shaff*, 158 B.R. 224 (Bankr.D.Colo.1993), that in Colorado a judgment lien never attaches to the homestead. *In accord, In re Sanders*, 39 F.3d 258 (10th Cir.1994), interpreting a similar homestead exemption statute in Utah. The Debtor does, however, indicate that the Trustee herein is contemplating an avoidance action against this Creditor because the "judgment lien" was recorded within 90 days prior to the filing of this bankruptcy. But that question is not before the Court at this time and an adversary proceeding will be required to resolve that issue.

■ Moreover, the Debtor asserts that the Creditor's "statutory attorney's lien" obtained pursuant to C.R.S. §§ 12–5–119 and 120 was "merged" into the "judgment lien" and thus is no longer viable.[1] Debtor cites *In re Harris*, 120 B.R. 142 (Bankr.S.D.Cal. 1990) in support thereof. But that case did not really involve the doctrine of "merger." Rather it involved a specific California statute that required creditors in certain circumstances to make an election of remedies to either recover judgment for the balance due

---

1. This Court has previously held that in Colorado an attorney's lien is a "statutory lien" as opposed to a "judicial lien." *In re Ranes*, 31 B.R. 70 (Bankr.D.Colo.1983).

or retake the goods. In that case the creditor elected to take a judgment, and therefore, under that specific California statute, the creditor lost its previous consensual lien on the property in question.

The general rule is that a lien securing a debt which becomes merged in a judgment is not affected by such merger. If a debt is of such a character that a lien is given by common law or statute, the merger of the judgment does not involve a merger of the lien, and the latter may continue until the debt is satisfied. For example, a judgment recovered upon a debt secured by a mortgage does not merge the mortgage, the mortgage continues to secure the debt and the judgment stands subordinate to the mortgage lien. In essence, the creditor ends up with a secured judgment. Similarly, an assignment or lien securing a debt which becomes merged in a judgment is not affected by the merger, the merger does not destroy the character of the debt. If a creditor has a lien upon property of the debtor and obtains a judgment against the debtor, the creditor does not thereby lose the benefit of the lien. The judgment only changes the form of the action for recovery. The creditor retains the right to enforce a lien or gain possession of property held as collateral for the debt. The reason for this rule is to avoid the obvious injustice of forcing the assignee or lien holder to lose its security preference by pursuing its claim to judgment. [Footnotes omitted]. 46 *Am.Jur.*2d *Judgments* § 513 (1994).

■ Thus, the attorney's lien held by this Creditor was not merged into the judgment lien he subsequently obtained. And, to the extent there is any net equity available to the Debtor under the Court's calculations referred to *supra* it will be subject to the Creditor's "judicial lien," and any remaining portion of the "judicial lien" will be unsecured by virtue of 11 U.S.C. § 506(a). But since the "attorney's lien" is not merged into the "judicial lien" its status must be separately determined.

### Statutory Lien

Two questions still remain: (1) is the attorney's lien subject to the Debtor's homestead exemption; and (2) what is the amount of the attorney's lien? The second question is reserved for a later hearing on the Debtor's objection to this Creditor's claim because the Creditor is claiming additional monies are due because of his costs in pursuing collection.

■ Creditor cites several cases for the proposition that his statutory attorney's lien is not subject to the homestead exemption, i.e., *In re Pohrman,* 146 B.R. 570 (Bankr. D.Ore.1992); *In re Townsend,* 27 B.R. 22 (Bankr.M.D.Pa.1982); *Matter of Taylor,* 17 B.R. 586 (W.D.Pa.1982); and *In re Thorogood,* 22 B.R. 725 (Bankr.E.D.N.Y.1982). The cases of *Townsend, Taylor,* and *Thorogood,* hold only that statutory liens cannot be avoided *under § 522(f)*. *Pohrman,* in addition, holds that under Oregon's specific statutory scheme of exemptions and exceptions thereto, that a hospital's statutory lien prevailed over a debtor's personal injury exemption. That holding has no application here. Creditor also cites this Court's opinion in *Ranes, supra,* in support of his theory. Again, all *Ranes* held was that the Colorado opt out statute (C.R.S. § 13–54–107) was constitutional even though Colorado did not provide an exemption for alimony or spousal maintenance as does the federal exemption scheme pursuant to 11 U.S.C. § 522(d)(10)(D). In *dicta* the Court indicated that even if the debtor were allowed to claim the federal alimony exemption, she could not avoid the statutory attorney's lien *under § 522(f)*. Thus, all of the cases cited are in agreement, i.e., a debtor may not use § 522(f) to avoid a *statutory* lien. However, none of these cases deal with whether or not, in Colorado, an attorney's lien is subject to the homestead exemption in the first instance.

As stated *supra* this Court held in *In re Fry,* 83 B.R. 778 (Bankr.D.Colo.1988), and reaffirmed in *In re Shaff,* 158 B.R. 224 (Bankr.D.Colo.1993), that a *judgment* lien in Colorado does not impair the homestead exemption because it never attaches to the homestead. The question remains as to whether an attorney's lien attaches to the homestead. The Colorado homestead ex-

emption statute (C.R.S. § 38–41–201) provides as follows:

> **Homestead exemption.** Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of thirty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

In *Woodward v. People's National Bank*, 2 Colo.App. 369 at 372, 31 P. 184 (1892), the Colorado court in interpreting the Colorado homestead exemption statute said:

> The language of the statute is clear and unequivocal—needs no construction. The words "arising from any debt, contract or civil obligation" are sufficiently broad and comprehensive to embrace any and all forms of indebtedness, including judgments.

Thus, it is this Court's opinion that the statute includes attorney's liens within its ambit and that the attorney's lien does not attach to the homestead. The result is that if the Debtor has any net equity remaining as stated *supra*, this Creditor's attorney's lien attaches to that net equity only and his claim is unsecured for any amount over that sum. In this instance then, it matters not whether the Creditor has a "judicial lien" or a "statutory lien." The result is the same.

█ But the Creditor argues in addition that his lien is consensual because in his contract with the Debtor ("Agreement for Representation in divorce matter", Exhibit 1) which she signed, she agreed to his lien. That contract provides as follows:

> ... Pursuant to the applicable Colorado law, I [Creditor] will enforce a lien against all monies, documents, files, or other information relating to the case until all outstanding fees and costs are paid in full ...

█ The Creditor would have this Court interpret this as a waiver of the homestead exemption. Waivers of exemptions should be construed narrowly so as to give effect to the purposes of the Bankruptcy Code and the exemptions themselves. This Court cannot construe the language quoted as a waiver of the homestead exemption. Literally, that language simply informs the Debtor that if she doesn't pay the Creditor's fees, he will enforce his attorney's lien. By signing the contract, the debtor acknowledged "... that [she has] read and agreed to the foregoing terms of this Fee Agreement ..." She did not agreed to a waiver of any of her exemptions provided by statute. She merely acknowledged that she read the terms of the contract and that the Creditor would enforce his attorney's lien. There is no question that the Creditor, an attorney, drafted the contract, and thus, if there are ambiguities in the contract they should be construed against the attorney. There simply is no way this Court can be convinced that this Debtor knowingly waived her homestead exemption by the quoted language which is buried in the middle of a three page, single spaced document. It is, therefore,

ORDERED as follows:

1. The Creditor's "judicial lien" only attaches to any net equity available to the Debtor after the application of the Debtor's homestead exemption.

2. The Creditor's "statutory attorney's lien" was not merged into his "judicial lien" but is a separate and viable lien on its own.

3. The Creditor's "statutory attorney's lien" only attaches to any net equity available to the Debtor after the application of the Debtor's homestead exemption.

4. The fee agreement between the Debtor and the Creditor did not constitute a waiver of the homestead exemption by the Debtor.