82 F.3d 426
 13 Colo. Bankr. Ct. Rep. 74
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Mark Joseph SHAFNER and Beth Lee Shafner, Debtors.
Mark Joseph SHAFNER and Beth Lee Shafner, Appellants,
v.
AURORA NATIONAL BANK SOUTH; Mercedes-Benz Credit
Corporation, Appellees.
 No. 94-1602.
(D.C.No. 94-C-952)
 United States Court of Appeals, Tenth Circuit.
 March 6, 1996.
 
 Before BRORBY, HOLLOWAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This case requires us to decide whether a debtor in bankruptcy may resort to 11 U.S.C. 522(f) to avoid judicial liens that are "sandwiched" between other nonavoidable liens on the basis that the judicial liens impair the debtor's homestead exemption. Because, under Colorado law, the judicial liens in this case never attached to the debtors' homestead exemption, 522(f) does not apply, and the judgment of the district court is affirmed.
 
 
 3
 Appellants Mark and Beth Shafner (the debtors) filed for Chapter 7 protection in July 1993. At that time, the value of their primary residence was $148,000. In order of recorded priority, the property is subject to the following liens: two consensual mortgages totalling $94,402.14; two judicial liens, one in favor of appellee Aurora National Bank South for $6,788.41 and one in favor of appellee Mercedes-Benz Credit Corporation for $16,133.45; and finally, several statutory liens in favor of the Internal Revenue Service totalling $24,428.78. The total of all liens is $141,752.78. The total of nonjudicial liens is $118,830.92. The debtors argue that the judicial liens may be avoided under 11 U.S.C. 522(f) because they impair the allowable homestead exemption of $30,000 granted under Colorado law irrespective of the state law order of the priority of such liens.
 
 
 4
 The district court affirmed the holding of the bankruptcy court that the judicial liens were not avoidable. This is a question of law which we review de novo. Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992). Although federal law through 11 U.S.C. 522 controls the availability of lien avoidance, the bankruptcy courts defer to state law to determine the amount of an allowable homestead exemption. See In re Sanders, 39 F.3d 258, 260 (10th Cir.1994).
 
 Section 522(f) provides in pertinent part:
 
 5
 Notwithstanding any waiver of exemptions ..., the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
 
 
 6
 (1) a judicial lien....
 
 
 7
 11 U.S.C. 522(f). Courts employ a three-step process to determine whether 522(f) applies to avoid the fixing of a lien. Sanders, 39 F.3d at 261 (citing Owen v. Owen, 500 U.S. 305, 312-13 (1991)). The first step is to determine whether the debtor is entitled to an exemption. It is undisputed here that, pursuant to Colo.Rev.Stat. 38-41-201, the debtors are entitled to a $30,000 homestead exemption.
 
 
 8
 The second step is to determine the extent to which the lien may be avoided. Sanders, 39 F.3d at 261. In this circuit, a lien may not be avoided beyond the amount of the exemption. Id. Because the sum of the appellees' judicial liens, however, is less than $30,000, these liens could be totally avoided, if they are avoidable at all.
 
 
 9
 The third step in determining whether 522(f) applies requires the court to determine whether the lien actually impairs the exemption. Id. at 262. It is here that the analysis weighs against the debtors. Under Colorado law, only real property not exempt from execution is subject to the attachment of a judgment lien. City Ctr. Nat'l Bank v. Barone, 807 P.2d 1251, 1252 (Colo.Ct.App.1991). The Colorado judgment lien statute provides in part:
 
 
 10
 The transcript of the docket entry of any judgment in the judgment docket, certified by the clerk, may be filed with the recorder of any county; and from the time of filing such transcript the judgment shall become a lien upon all the real property of such judgment debtor, not exempt from execution in such county, owned by him or which he may afterwards acquire until said lien expires.
 
 
 11
 Colo.Rev.Stat. 13-52-102(1)(emphasis added). In Colorado, a homestead is exempt from execution, so it is not subject to the attachment of a judgment lien. The statute granting the homestead exemption in Colorado provides:
 
 
 12
 Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of thirty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.
 
 
 13
 Colo.Rev.Stat. 38-41-201 (emphasis added). Thus, under Colorado law, the judgments of appellees never became liens upon the debtors' homestead. City Ctr. Nat'l Bank, 807 P.2d at 1252. As in Sanders, resort to 522(f) to avoid the judgment liens at issue is unnecessary because Colorado law prevented their attachment; therefore, the debtors' right to their homestead exemption is not jeopardized; it is "fully protected and not in need of intervention by bankruptcy law," Sanders, 39 F.3d at 262. Because, in Colorado, the value of a homestead exemption is exempt from execution, the judicial liens have never attached. Section 522(f) is extraneous in this context.
 
 
 14
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3