**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:  ROYAL K. HUNT,

      Debtor,

---

ROYAL K. HUNT,

      Appellant,

v.

JOHN H. HARR, assignee of
Ernest G. Clark and Verda Clark,

      Appellee.

No.  97-4137
(BAP No. UT-97-006)
(D. Utah)

---

**ORDER AND JUDGMENT**  *

---

Before **TACHA** , **LOGAN** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Debtor Royal K. Hunt appeals the bankruptcy court's order denying his request to reopen his bankruptcy case.  The Tenth Circuit Bankruptcy Appellate Panel affirmed, concluding that debtor's failure to provide a transcript of the hearing on the motion to reopen precluded its review of the bankruptcy court's decision.  We exercise jurisdiction under 28 U.S.C. § 158(d), and affirm.

Debtor had an ownership interest in a parcel of real property located at 8171 South Marion View Circle, Salt Lake County, Utah.  On May 18, 1993, the bankruptcy trustee filed a notice to abandon property which included the subject real property.  Thereafter, on July 6, 1993, Ernest G. Clark and Verda Clark, judgment creditors of debtor, filed their unsecured claim in the bankruptcy proceedings for which they received a distribution from the bankruptcy estate that paid part of their claim.  A few weeks later, the Clarks assigned any and all remaining interest in the judgment to appellee, John H. Harr.  After debtor's bankruptcy case had been closed, appellee obtained a ruling from the Utah Court of Appeals that a lien was created against the subject property at the time of the judgment, which was unaffected by the bankruptcy.  Debtor's motion to reopen his bankruptcy case sought a determination that appellee's lien was invalid because by filing an unsecured claim, the Clarks had waived their secured interest

in the subject property. Therefore, according to debtor, appellee took no interest in the subject real property because the Clarks retained no interest to convey.

The bankruptcy court's decision not to reopen a case under 11 U.S.C. § 350(b) is reviewed for an abuse of discretion. See Nintendo Co. v. Patten (In re Alpex Computer Corp.), 71 F.3d 353, 356 (10th Cir. 1995). Debtor does not dispute that "[s]ecured debts, including judgment liens . . ., generally survive bankruptcy. David Dorsey Distr., Inc. v. Sanders (In re Sanders), 39 F.3d 258, 260 (10th Cir. 1994). Rather, he asks us to determine as a matter of law that a creditor has waived his secured interest in a parcel of property if he filed an unsecured claim in a Chapter 7 bankruptcy listing the full amount of the debt. On the state of this record, we decline to do so.

Debtor has not provided a record of the hearing on his motion to reopen. The record does not contain any indication of the bankruptcy court's reasoning for denying the motion to reopen. The bankruptcy court may have determined, as the Bankruptcy Appellate Panel suggested, that the state court's decision was binding, or that other reasons weighed against reopening the case.

Because the evidentiary record is insufficient to permit assessment of debtor's claims, we must affirm. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992). Debtor's failure to include the relevant documents in his appendix requires this court to hold that he did not meet his burden of proving the

bankruptcy court's ruling was an abuse of discretion. See McEwen v. City of Norman, 926 F.2d 1539, 1550 (10th Cir. 1991).

The judgment of the Tenth Circuit Bankruptcy Appellate Panel is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-4-