In re Peter Lew **SAAL** and Isabel Brones, Debtors.

**Peter Lew Saal and Isabel Brones, Movants,**

**v.**

**Helping People Succeed, Inc., d/b/a Express Personnel Services, Respondent.**

**No. 05–48814–SBB.**

United States Bankruptcy Court, D. Colorado.

March 1, 2006.

Barton S. Balis, Balis & Barrett, P.C., Boulder, CO, for Movants.

**ORDER GRANTING MOTION TO AVOID FIXING OF JUDICIAL LIEN OF HELPING PEOPLE SUCCEED, INC. PURSUANT TO 11 U.S.C. § 522(f)(1)(A) (DOCKET #16)**

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on Motion to Avoid Fixing of Judicial Lien of Helping People Succeed, Inc. ("Creditor") Pursuant to 11 U.S.C. § 522(f)(1)(A) ("Motion") filed by Peter Lew Saal and Isabel Brones ("Debtors") on January 18, 2006 (Docket #16). The Court, having reviewed the file and being advised in the premises, makes the following findings of fact, conclusions of law and Order.

---

**20.** *Id.* at ¶ 1112.04.

**21.** *In re Silvus,* 329 B.R. 193, 214 (Bankr. E.D.Va.2005).

For the reasons stated herein, the Court GRANTS the Debtor's Motion.

## I. *Background*

A certificate of non-contested matter was filed with respect to the Motion. It appears that service was proper on the Creditor and that no response to the Motion was filed. Therefore, the following recitation of facts is not contested.[1]

The Creditor has a judicial lien on the Debtors' interest in real property located at 1745 Orchard Avenue, Boulder, CO 80304 ("Property"). The judicial lien attached to the Debtors' interest in the Property on September 24, 2004, by the recording of a Transcript of Judgment in the real estate records of the Clerk and Recorder of Boulder, Reception Number 2629953. The judgment lien secures an indebtedness presently past due and owing to the Creditor in the approximate amount of $9,036.00, plus accrued interest.

Debtors assert that the Property has a market value of $640,000.00. The Property is encumbered by a consensual first lien in the amount of $592,776.00. The Debtors have claimed a homestead exemption in the Property in Schedule C of their schedules in the amount of $45,000.00 in accordance with COLO.REV.STAT. § 38–41–201, 201.5.[2]

## II. *Issue*

The question before the Court is whether a debtor can avoid a judicial lien, in its entirety or only "to the extent that such lien impairs an exemption," when only part, or a portion, of the lien actually impairs the debtor's exemption. For the reasons set forth herein, the Court concludes that a debtor can avoid the entire lien that only, in part, impairs the exemption in accordance with the formula set forth in 11 U.S.C. § 522(f)(2).

## III. *Discussion*

In accordance with 11 U.S.C. § 522(f)(1)(A), the Debtors may avoid the fixing of a lien on an interest of the Debtors in property, to the extent that such lien impairs an exemption to which the Debtors would have been entitled. For the purposes of section 522(f),

a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.[3]

---

**1.** The reason this Court delves into this case with some care, despite being non-contested, is because this Court usually receives from this counsel fairly detailed calculations of lien impairment in a formula or equation. The pleading filed, while detailed, was not in a formula or equation and upon initial impression appeared to result in a judicial lien that was potentially not avoidable. Upon further reflection, calculation, research and study of this case, case law, 11 U.S.C. § 522(f)(2)(A), and the legislative history thereto, the Court concludes that the judicial lien does impair the homestead exemption of this Debtor. Moreover, with the crush of filings leading up to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 effective date, this Court has received innumerable motions to void lien wherein this issue has arisen.

**2.** Citation to COLO.REV.STAT. § 38–41–201.5 is curious. Debtor appears to own real property, but COLO.REV.STAT. § 38–201.5 deals with mobile homes. In addition, in Debtors' Motion, the Debtors reference COLO.REV.STAT. § 38–42–201. This appears to be a typographical error.

**3.** 11 U.S.C. § 522(f)(2)(A).

The Honorable Charles E. Matheson, former Chief Judge of the Bankruptcy Court for the District of Colorado, set forth the equation in ascertaining impairment in his *Pepper* decision.[4] There, he held:

> in making the section 522(f)(2)(A) analysis, one is to add the amount of the allowed homestead, the amount of the judgment and the outstanding balance of the debt secured by all other liens. To the extent this sum exceeds the value of the property, the judgment lien "impairs" the exemption and may be avoided.[5]

In this case, utilizing Judge Matheson's analysis and 11 U.S.C. § 522(f)(2)(B), the equation is as follows:

| | | |
|---|---|---|
| 1. | Judicial Lien: | $ 9,086.00 |
| 2. | First Consensual Lien: | $592,776.00 |
| 3. | Homestead Exemption: | $ 45,000.00 |
| 4. | Total of Liens Plus Exemption: | $646,812.00 |
| 5. | Value of the Property in Absence of Liens: | $640,000.00 |

Thus, including the judicial lien, the liens plus the homestead exemption exceed the value that the Debtor's interest in the Property would have in the absence of any liens.[6]

In 1994, Congress amended 11 U.S.C. § 522(f)(2) to resolve difficulties and inconsistencies in construing what constituted an impairment.[7] Leading up to the amendment, the Supreme Court addressed the appropriate calculation to ascertain whether a lien impairs an exemption.[8] In so doing, the Supreme Court favorably cited the case of *In re Brantz*,[9] "[f]or a more precise formulation."[10] The *Brantz* case utilized the following formula:

1. Determine the value of the property on which a judicial lien is sought to be avoided.

2. Deduct the amount of all liens not to be avoided from (1).

3. Deduct the Debtors' allowable exemptions from (2).

4. Avoidance of all judicial liens results unless (3) is a positive figure.

5. If (3) does result in a positive figure, do not allow avoidance of liens, in order of priority, *to that extent only*.[11]

Congress seemingly adopted this calculation in the enactment of 11 U.S.C. § 522(f)(2)(A).[12] However, the *Brantz* calculation would lead to a different result,

---

**4.** *In re Pepper*, 210 B.R. 480, 485 (Bankr. D.Colo.1997).

**5.** *Id.*

**6.** The Court in *Pepper* and *In re Newell*, 311 B.R. 268 (Bankr.D.Colo.2004) did not address, as other courts have, the attachment of a judgment lien under Colorado law. In Colorado, a judgment lien only attaches to the debtor's net equity after deduction of the homestead exemption amount. In effect, in the absence of equity beyond the homestead exemption, a judgment lien never attaches to the property. *See In re Dickinson*, 185 B.R. 840, 841 (Bankr.D.Colo.1995); *see also, Shafner v. Aurora National Bank South (In re Shafner)*, 82 F.3d 426, 1996 WL 98809 at *2 (10th Cir.1996)(unpublished opinion) and *In re Cisneros*, 257 B.R. 332, 336 (Bankr.N.M. 2000). The courts found application of 11 U.S.C. § 522(f) superfluous when state law exemptions prohibit the attachment of a judicial lien to the homestead.

**7.** 4 *Collier on Bankruptcy* ¶ 522.11[3], at 522–80 (Alan N. Resnick & Henry J. Sommer, ed., 15th ed. rev.2003).

**8.** *Owen v. Owen*, 500 U.S. 305, 313, n. 5, 111 S.Ct. 1833, 1838, n. 5, 114 L.Ed.2d 350 (1991).

**9.** 106 B.R. 62, 68 (Bankr.E.D.Pa.1989).

**10.** *Owen*, 500 U.S. at 313, n. 5, 111 S.Ct. at 1833, n. 5.

**11.** *Brantz*, 106 B.R. at 68.

**12.** The House Report to the 1994 amendments to the Bankruptcy Code, related to section 522(f)(2), provided, in part:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent

here, as the calculation would be as follows:

| | | |
|---|---|---|
| 1. | Value of the Property: | $640,000.00 |
| 2. | Less All Liens Not to Be Avoided (First Consensual Lien): | $592,776.00 |
| 3. | Less Homestead Exemption: | $ 45,000.00 |
| 4. | Total (Amount Which Cannot Be Avoided): | $ 2,224.00 |

Since the total is a positive figure, the Court should, using this equation, only allow the avoidance of $6,812.00 of the $9,036 sought to be avoided because that is the extent to which the exemption is impaired. Thus, $2,224.00 of the lien would survive.

years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, *In re Brantz*, 106 B.R. 62 (Bankr. E.D.Pa.1989), that was favorably cited by the Supreme Court in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 1838, n. 5, 114 L.Ed.2d 350.

The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in this situation the debtor is entitled to exempt his or her residual interest, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect by executing on the lien. Unfortunately, a minority of court decisions, such as *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass.1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

The second situation is where the judicial lien the debtor seeks to avoid is partially secured. Again, in an example where the debtor has a $10,000 homestead exemption, a $50,000 house and a $40,000 first mortgage, most commentators and courts have said that a judicial lien of $20,000 could be avoided in its entirety. Otherwise, the creditor would retain all or part of the lien and be able to threaten postbankruptcy execution against the debtor's interest which, at the time of the bankruptcy is totally exempt. However, a few courts, including the Ninth Circuit in *In re Chabot*,

992 F.2d 891 (9th Cir.1993), held that the debtor could only avoid $10,000 of the judicial lien in this situation, leaving the creditor after bankruptcy with a $10,000 lien attached to the debtor's exempt interest in property. This in turn will result, at a minimum, in any equity created by mortgage payments form the debtor's postpetition income—income which the fresh start is supposed to protect—going to the benefit of the lienholder. It may also prevent the debtor from selling his or her home after bankruptcy without paying the lienholder, even if that payment must come from the debtor's $10,000 exempt interest. The formula in the section would not permit this result.

The third situation is in the Sixth Circuit, where the Court of Appeals, in *In re Dixon*, 885 F.2d 327 (6th Cir.1989), has ruled that the Ohio homestead exemption only applies in execution sale situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wishes to sell the house after bankruptcy, that can be done only by paying the lienholder out of the equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem. By defining "impairment," the amendment also clarifies that a judicial lien on a property can impair an exemption even if the lien cannot be enforced through an execution sale, thereby supporting the result in *In re Henderson*, 18 F.3d 1305 (5th Cir.1994), which permitted a debtor to avoid a lien that impaired the homestead exemption even though the lien could not be enforced through a judicial sale.

H.R. Rep. 103–834, 103rd Cong., 2nd Sess 41–42 (Oct. 4, 1994), U.S.Code Cong. & Admin.News 1994, pp. 3323, 3349–51; 140 Cong. Rec. H10770 (Oct. 4, 1994).

However, that result would seem to conflict with the legislative history and the express language of 11 U.S.C. § 522(f)(2)(A).

The express mathematical formula of section 522(f)(2)(A) seems to be intended.[13] As the commentator in *Collier* states:

[s]pecifically, liens impair an exemption to the extent that the sum of all liens on the property, including the lien under consideration, together with the value that the debtor could claim as exempt in the absence of liens on the property, exceed the value of the debtor's interest in the property if it were totally unencumbered.[14]

This conclusion makes sense because if the Debtor were to later sell his homestead, a portion of the judicial lien would remain after discharge. The judicial lien would have to be satisfied at the time of the sale in order to transfer clear title. "Thus, the mere existence of a judicial lien impairs the homestead exemption because it constitutes a cloud on the title."[15] In this instance, utilizing the calculation of 11 U.S.C. § 522(f)(2), the entire judicial lien *must* be avoided.[16]

The courts have followed the legislative history of the 1994 Act and have avoided liens in their entirety if the total of the liens on the property and the debtor's

exemption exceeds the fair market value of the property. Importantly for debtors, this has the effect of protecting the debtor's interest in the property into the future as well. Once the lien is avoided, it does not reattach to the property to reach any future increase in value or other "equity" in the property that might accrue.[17]

## IV. *Order*

IT IS THEREFORE ORDERED that the judicial lien of the Creditor is hereby avoided and that said judicial lien is therefor VOID.

**In re Jason G. FAWSON, Debtor.**

**In re Francis William Webster and Diana Lorrie Webster, Debtors.**

**Nos. 05–80224, 05–80217.**

United States Bankruptcy Court, D. Utah.

Feb. 21, 2006.

---

**13.** *See, e.g., In re Newell,* 311 B.R. 268, 270 (Bankr.D.Colo.2004).

**14.** *Id.* (citations omitted).

**15.** *Coats v. Ogg (In re Coats),* 232 B.R. 209, 214 n. 8 (10th Cir. BAP 1999).

**16.** The commentator in *Collier* also reached this conclusion in setting forth the following example:

Another possibility is that senior unavoidable liens may be slightly less than the value of the property. For example, the property may be worth $100,000 and the unavoidable mortgages on the property may equal $90,000. The debtor's equity in

the property is $10,000, and the exemption, for purposes of this example, is $10,000. In the absence of any other liens on the property, the debtor would be able to claim his or her entire exemption of $10,000. However, if a judicial lien in the amount of $20,000 has attached to the property, the question of avoidance of that judicial lien arises. The commentary states that the lien should be avoided in its entirety.
*Id.* at 522.81 (citing 140 Cong. Rec. at H10,-769 (daily ed. Oct. 4, 1994), *reprinted* in App. Pt. 9(b)).

**17.** *Id.* at 522–82 (citations omitted).

Jory L. Trease, Jory L. Trease, Inc., Salt Lake City, UT, for Jason G. Fawson.

R. Kimball Mosier, Parsons, Kinghorn, Harris, Salt Lake City, UT, Chapter 7 Trustee of Jason G. Fawson.

Ronald H. Goodman, American Fork, UT, for Francis William Webster.

Philip G. Jones, Orem, UT, Chapter 7 Trustee of Francis William Webster.

Office of the United States Trustee, Cy Castle, Assistant United States Trustee, Salt Lake City, UT.